## APPEAL OF BAY STATE SECURITIES CO.

Docket No. 3685.   Submitted October 5, 1925.   Decided November 14, 1925.

Under the evidence, two corporations *held* to be affiliated from December 4, 1919.

*Harold L. Clark, Esq.*, for the taxpayer.
*M. N. Fisher, Esq.*, for the Commissioner.

### Before PHILLIPS and TRAMMELL.

This appeal is from the determination of a deficiency in income and profits taxes for the calendar year 1919 in the sum of $997.64. The deficiency results from a determination by the Commissioner that the taxpayer was affiliated with the American Insulator Co., a corporation, commencing September 15, 1919, instead of from December 4, 1919.

### FINDINGS OF FACT.

1. The taxpayer was a Delaware corporation organized on or about July 24, 1919. It filed a separate income-tax return for the taxable period July 24, 1919, to December 31, 1919.

2. On or about November 9, 1919, the stockholders of the American Insulator Co. gave a written option on its stock to one F. C. Keller running to November 21, 1919. This option was later extended to November 28, 1919. On November 26 this option was assigned to the Industrial Co., a corporation, which shortly thereafter reassigned it to the taxpayer corporation. Negotiations were concluded between the taxpayer and the American Insulator Co. between December 1 and December 4, 1919. Payment was made for the stock December 4, 1919. Formal transfer of the stock and the corporation resolutions necessary to legally transfer the stock were consummated December 5, 1919.

3. Prior to December 4, 1919, there had been no business relations between the taxpayer and the American Insulator Co.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

TRAMMELL: The sole question here is to determine the date of affiliation of the taxpayer with the American Insulator Co. The Commissioner alleges the date was September 15, 1919, while the taxpayer claimed the date of affiliation was December 4, 1919. The taxpayer has presented in evidence the written option, letters and communications and records of the American Insulator Co., which conclusively show that negotiations for the stock did not commence until November 9, 1919; that the taxpayer did not determine to exercise its option to buy the stock until November 26, 1919, and the determination then was subject to a further examination. The sale did not take place until December 4, 1919. Prior to that date there is no evidence of any control of the stock by the taxpayer. The option did not vest any control whatever until or unless it was exercised. We therefore hold that the affiliation took place December 4, 1919.

In this case it is conceded that the corporations have not entered into an agreement between themselves as to the proportion of the tax to be assessed to each, so the tax should be allocated upon the basis of the net income properly assignable to each company in accord-

ance with section 240 (a) of the Revenue Act of 1918, and computed on the basis set forth in the *Appeal of American La Dentelle, Inc.*, 1 B. T. A. 575.